UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN STEINER,<br><br>                           Plaintiff,<br>    v.<br><br>G. STEVEN HAMMOND, SARA SMITH, J. DAVID KENNEY, WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>                          Defendants. | No. C13-5120 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  May 24, 2013** |

On February 20, 2013, Plaintiff, a *pro se* prisoner[1], filed this action against the Department of Corrections (DOC) and individual DOC employees at the Stafford Creek Corrections Center (SCCC).  ECF No. 1.  Plaintiff alleges that he is being denied adequate medical care.  *Id.*

Defendants move for dismissal of Plaintiff's complaint pursuant to Fed. R. Civ.P. 12(c) based on (1) Plaintiff's failure to allege facts to show that any of the individually named defendants personally participated in any alleged violation of Plaintiff's constitutional rights, and (2) Eleventh Amendment immunity as to the Department of Corrections (DOC). ECF No. 14. Plaintiff filed both a response (ECF No. 20) and a motion to amend his complaint "in order to

---

[1] Plaintiff states that although he paid the filing fee in this matter, this Court granted him leave to proceed *in forma pauperis.*  ECF No. 20 at 2.  The Court's Order Directing Service incorrectly refers to Plaintiff having been granted *in forma pauperis* status.  ECF No. 3.  However, there is no order granting such status and none has been granted to Plaintiff.

REPORT AND RECOMMENDATION - 1

clarify and ascribe individual conduct as it relates to each named Defendant which Plaintiff alleges violated his Eighth and Fourteenth Amendment rights." ECF No. 19. Plaintiff does not seek to add additional defendants, but removes the DOC as a named defendant. *Id.* at 2.

Having carefully considered the motion and balance of the record, the Court recommends that Plaintiff's motion to amend (ECF No. 19) be granted and Defendants' motion to dismiss (ECF No. 14) be denied without prejudice.

## DISCUSSION

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The denial of a motion for leave to amend pursuant to Rule 15(a) is reviewed 'for abuse of discretion and in light of the strong public policy permitting amendment.'" *Bonin v. Calderon*, 59 F.3d at 845, *quoting Outdoor Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993). A district court may take into consideration such factors as "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *See In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004), *quoting Bonin*, 59 F.3d at 845.

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). Implicit in the second element is a third element of causation. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274, 286-87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*, 449 U.S. 875

REPORT AND RECOMMENDATION - 2

(1980). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed. The Civil Rights Act, 42 U.S.C. § 1983, is not merely a "font of tort law." *Parratt*, 451 U.S. at 532. The plaintiff may have suffered harm, even due to another's negligent conduct, but that does not in itself necessarily demonstrate an abridgement of Constitutional protections. *Davidson v. Cannon*, 474 U.S. 344 (1986).

Plaintiff alleges violation of his Eighth Amendment rights, as incorporated by the Fourteenth Amendment. When a prisoner plaintiff is claiming an Eighth Amendment violation as a result of a medical condition, the plaintiff must show deliberate indifference to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). An official is deliberately indifferent to a serious medical need if the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference requires more culpability than ordinary lack of due care for a prisoner's health. *Id*. at 835. A court's inquiry must focus on what the prison official actually perceived, not what the official should have known. *See Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995).

The Eighth Amendment standard requires proof of both the objective and subjective component. *Hudson v. McMillian*, 503 U.S. 1, 112 S. Ct. 995 (1992). First, the deprivation alleged must objectively be sufficiently serious, resulting in a denial of the "minimal civilized measures of life's necessities." *Farmer*, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392 (1981)). In proving this objective component, an inmate must establish that there was both some degree of actual or potential injury, and that society considers the acts that the plaintiff complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to those acts. *Helling v. McKinney*, 509 U.S. 25, 36, 113 S. Ct. 2475 (1993); *see also Estelle v. Gamble*, 429 U.S. 97, 102, 97 S. Ct. 285 (1976).

REPORT AND RECOMMENDATION - 3

Second, the subjective component requires that the prison official possesses a sufficiently culpable state of mind: "deliberate indifference to inmate health and safety." *Farmer*, 511 U.S. at 834-36.  With regard to deliberate indifference, a prison official is not liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.  The subjective component requires proof that the official was (1) aware of the facts that would lead a reasonable person to infer the substantial risk of serious harm; (2) actually made the inference that the substantial risk of serious harm to the plaintiff existed; and (3) knowingly disregarded the risk. *Id*.  If either of these components is not established, the court need not inquire as to the existence of the other. *Helling*, 509 U.S. at 35.

Defendants argue that Plaintiff's Eighth Amendment claim must be dismissed because he has failed to allege any parts of the necessary subjective component for any of the individual Defendants.  Instead, Plaintiff attributes the denial of his care to Defendant DOC alone and the DOC cannot be sued under § 1983.

Section 1983 creates a cause of action for a plaintiff whose constitutional rights have been violated by any "person" acting under color of law. 42 U.S.C. § 1983.  However, for purposes of § 1983, a state is not a "person." *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Similarly, an agency that is an arm of the state is also not a "person" under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *also Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam) (concluding that the suit against the state Board of Corrections was barred by the Eleventh Amendment).

REPORT AND RECOMMENDATION - 4

Thus, to the extent Plaintiff is making any claims against the DOC under 42 U.S.C. § 1983, those claims must be dismissed.

In his proposed amended complaint, Plaintiff seeks to remove DOC as a named defendant and "ascribe conduct which further details" the alleged conduct of Defendants Hammonds, Smith, and Kenney. ECF No. 19 and 19-1.

Based on the foregoing, the undersigned recommends that Plaintiff's motion to amend (ECF No. 19) be granted and that Defendants' motion to dismiss (ECF No. 14) therefore be denied without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **May 24, 2013,** as noted in the caption.

**DATED** this  8th  day of May, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5