1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN STEINER,

                                    Plaintiff,

            v.

G. STEVEN HAMMOND, SARA
SMITH, J. DAVID KENNEY,
WASHINGTON DEPARTMENT OF
CORRECTIONS,

                                    Defendants.

No. C13-5120 RBL/KLS

**ORDER DENYING MOTIONS TO
PROCEED IN FORMA PAUPERIS AND
TO APPOINT COUNSEL**

        Before the Court are Plaintiff's motions to proceed *in forma pauperis* (IFP) and for the

appointment of counsel.  ECF No. 38 and 40, respectively.  Having reviewed the motions and

balance of the record, the Court finds that the motions should be denied.

**DISCUSSION**

**A.      Motion for Application to Proceed In Forma Pauperis (ECF No. 38)**

        Mr. Steiner filed his complaint in this action and paid the $350.00 filing fee on February

20, 2013.  ECF No. 1 (Receipt # TAC10518).   On June 25, 2013, he filed a declaration and

application to proceed IFP, stating that he is now not financially able to pursue this litigation.

ECF No. 38.

        Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize the *commencement* of an

action, without the prepayment of fees, by a person who establishes that he is unable to pay such

fees.  Mr. Steiner has already paid the $350.00 filing fee and has, therefore, established that he is

financially able to pay the $350.00 filing fee to commence this action.  § 1915 provides for the

ORDER  - 1

payment of filing fees and service of process only.  Thus, even if Plaintiff were granted IFP status, he would still bear the burden of costs related to discovery and any other costs related to his litigation.  *See United States v. MacCollom,* 426 U.S. 317, 321 (1976) ("the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress ..."]; *see also Tedder v. Odel,* 890 F.2d 210 (9th Cir.1989) (citations omitted); *Murray v. Palmer*, 2006 WL 2516485, *4, (N.D.N.Y. Aug. 29, 2006) ("Although Plaintiff has been granted in forma pauperis status under 28 U.S.C. § 1915, such status does not relieve him of the duty to pay his share of the cost of discovery (or somehow shift that cost to either Defendants or the Court)").

**B.     Motion for Appointment of Counsel (ECF No. 40)**

No constitutional right exists to appointed counsel in a § 1983 action.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.")  However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to

ORDER  - 2

articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff states that he requires the appointment of counsel because he lacks the ability to present his own case, the legal issues are complex, expert medical testimony will be required, and he cannot afford to retain counsel. ECF No. 40. The Court finds no exceptional circumstances in this case. Plaintiff filed his complaint *pro se* and has demonstrated an adequate ability to articulate his claims *pro se*. In fact, Plaintiff survived a motion to dismiss and filed an amended complaint clearly articulating his claims. This case is not legally or factually complex. While Plaintiff may not have vast resources or legal training, he meets the threshold for a *pro se* litigant. Concerns regarding investigation and discovery are also not exceptional factors, but are the type of difficulties encountered by many *pro se* litigants. There are also numerous avenues of discovery available to the parties through the Federal Rules of Civil Procedure during the litigation process. In addition, Plaintiff has not yet shown a likelihood of success on the merits. *See* ECF No. 29 (Report and Recommendation on Plaintiff's motion for temporary relief, p. 18).

Accordingly, it is **ORDERED:**

(1)      Plaintiff's motion to proceed IFP (ECF No. 38) and motion for the appointment of counsel (ECF No. 40) are **DENIED.**

ORDER  - 3

(2)     The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.


**DATED** this <u>16th</u> day of July, 2013.


Karen L. Strombom
United States Magistrate Judge

ORDER  - 4